UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE LOCAL 1034 PENSION
TRUST FUND, TRUSTEES OF THE LOCAL
813 INSURANCE TRUST FUND, and
TRUSTEES OF THE NURSES AND LOCAL
813 IBT RETIREMENT TRUST FUND,

                          Plaintiffs,                    **REPORT & RECOMMENDATION**
                                                                     22 CV 5684 (RPK) (CLP)
          -against-

SUPERIOR LIMOUSINE SERVICE, INC.,
XYZ CORPORATIONS 1-10, and JOHN and
JANE DOES 1-10,

                        Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On September 22, 2022, plaintiffs Trustees of the Local 1034 Pension Trust Fund ("Pension Fund"), Trustees of the Local 813 Insurance Trust Fund ("Insurance Fund"), and Trustees of the Nurses and Local 813 IBT Retirement Trust Fund ("Nurses Fund") (collectively, "plaintiffs" or "the Funds"), commenced this action against defendants Superior Limousine Service, Inc. ("Superior Limousine"), XYZ Corporations 1–10, and John and Jane Does 1–10,[1] seeking to recover delinquent contributions and withdrawal liability, as well as statutory interest, liquidated damages, and attorney's fees and costs, pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (Compl.[2])

        Despite proper service of the Summons and Complaint on Superior Limousine,[3]

---

[1] Fictitious defendants XYZ Corporations 1-10 and John and Jane Does 1-10 were dismissed from the action without prejudice on November 22, 2022. (ECF No. 9).
[2] Citations to "Compl." refer to plaintiffs' Complaint, filed September 22, 2022. (ECF No. 1).
[3] According to the Affidavit of Edward J. Bowmaker, he served two copies of the Summons and Complaint with Exhibits on Superior Limousine by personal service on the New York State Department of State on September 23, 2022. (ECF No. 5).

1

defendant Superior Limousine failed to file an answer or otherwise appear in the action. On October 21, 2022, the Clerk of Court entered a Certificate of Default. (ECF No. 7).

Currently pending on referral from the Honorable Rachel P. Kovner, U.S. District Judge, is plaintiffs' motion for default judgment against Superior Limousine. For the reasons set forth below, it is respectfully recommended that plaintiffs' motion be denied without prejudice.

## FACTUAL BACKGROUND

According to the Complaint, the Funds are employee benefit and multiemployer plans within the meaning of 29 U.S.C. §§ 1002(1)–(3), and (37), 1132(d)(1), and 1145; the Funds are administered from 48-18 Van Dam Street, Suite 201, Long Island City, New York, 11101. (Compl. ¶¶ 9, 10; Shah Decl.[4] ¶ 5). As the Funds' trustees, plaintiffs have standing to bring this action in their capacities as fiduciaries under 29 U.S.C. §§ 1002(21), 1132, and 1451(a)(1). (Compl. ¶ 10; Shah Decl. ¶ 6).

Plaintiffs allege that defendant Superior Limousine is a for-profit corporation, with its principal place of business located at 97-41 86th Street, Ozone Park, New York 11416. (Compl. ¶ 11). Superior Limousine was party to a collective bargaining agreement ("CBA") with Local 813, International Brotherhood of Teamsters (the "Union"), with respect to which the Funds are third-party beneficiaries. (Id. ¶ 14; Shah Decl. ¶ 7, Ex. 1[5]).

According to the Complaint, Superior Limousine was required to remit contributions to the Funds at the rates set by the CBA, on behalf of those employees who performed covered work under the CBA. (Compl. ¶ 15; Shah Decl. ¶ 7). Plaintiffs allege that, between September 23, 2019, and the date of the Complaint, Superior failed to pay $18,695.70 in contributions,

---

[4] Citations to "Shah Decl." refer to the Declaration of Neil V. Shah in Support of Plaintiffs' Request for Issuance of Default Judgment by the Clerk, dated November 22, 2022. (ECF No. 10-1).
[5] According to the Shah Declaration, the CBA is attached as Exhibit 1 to the Declaration. However, as discussed further *infra* at p. 12–13, it appears that counsel neglected to actually file a copy of the CBA with the Declaration.

2

accrued interest, and liquidated damages for covered employees, who performed work between August 2019 and December 2021.  (Compl. ¶ 16; Shah Decl. ¶ 12; see also 12/14/2021 Demand[6]).  Of the total delinquent contributions owed, $13,007.98 was due to the Insurance Fund, $4,402.66 was due to the Pension Fund, and $1,285.06 was owed to the Nurses Fund. (Compl. ¶ 16; Shah Decl. ¶ 12).[7]  Plaintiffs allege that despite repeated demands, Superior Limousine failed to remit the contributions owed.  (Compl. ¶ 17; Shah Decl. ¶ 12; see, e.g., 12/14/2021 Demand).

As of December 31, 2021, Superior Limousine ceased to have an obligation to contribute to the Pension Fund, effecting a complete withdrawal within the meaning of ERISA § 4203(a). 29 U.S.C. § 1383(a).  (Compl. ¶ 18; Shah Decl. ¶ 8).  Pursuant to Sections 4219(b)(1) and (c)(1) of ERISA, 29 U.S.C. §§ 1399(b)(1) and (c)(1), the Pension Fund notified Superior Limousine, by letter dated February 23, 2022, that it had effectuated a complete withdrawal and that its allocated share of the unfunded vested liabilities of the Pension Fund was $296,114.00.  (Compl. ¶ 19, Ex. A; Shah Decl. ¶ 9, Ex. 2).  This amount was payable in 240 monthly installments of $765.00, beginning on or before April 25, 2022.  (Id.)[8]  On May 12, 2022, when Superior Limousine had failed to make the first installment payment, the Trustees notified Superior Limousine that they had accelerated the outstanding withdrawal liability in accordance with ERISA § 4219(c)(5)(B), 29 U.S.C. § 1399(c)(5)(B)[9] and that the entire withdrawal liability

---

[6] Citations to "12/14/2021 Demand" refer to the demand letter set by the Funds to Superior Limousine, dated December 14, 2021, and attached as Exhibit 4 to the Shah Declaration.  (ECF No. 10-5).
[7] According to the 12/14/2021 Demand, as of November 2021, Superior Limousine owed a total of $18,604.31 to the Funds:  $12,947.83 to the Insurance Fund, $4,380.61 to the Pension Fund, and $ 1,275.87 to the Nurses Fund. (12/14/2021 Demand; see Shah Decl. ¶ 12).
[8] Pursuant to 29 U.S.C. § 1399(c)(1), an employer's withdrawal liability may be adjusted, if appropriate, based "over the period of years necessary to amortize the amount in level annual payments . . . [and i]n any case in which the amortization period . . . exceeds 20 years, the employer's liability shall be limited to the first 20 annual payments."
[9] Plaintiffs mistakenly cite this provision as 29 U.S.C. § 1401(c)(5)(B).

3

amount was due by May 20, 2022. (Compl. ¶ 20, Ex. B; Shah Decl. ¶ 10, Ex. 3).[10] As of the date of the motion for default judgment, plaintiffs assert that Superior Limousine has failed to make any payments toward its withdrawal liability and has not sought a review of the assessment or commenced arbitration, pursuant to 29 U.S.C. §§ 1399 and 1401. (Shah Decl. ¶ 11; see also Compl. ¶ 21).

In their motion for default judgment, plaintiffs seek the total amount of $251,041.50, consisting of $183,600.00 in withdrawal liability, $12,025.80 in accrued interest, $36,720.00 in liquidated damages, and $18,695.70 in delinquent contributions, interest and liquidated damages. (Shah Decl. ¶ 20).

DISCUSSION

I.  Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. Priestley v. Headminder, Inc., 647 F.3d 497, 504–05 (2d Cir. 2011); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993); see also Seaford Ave. Corp. v. ION Ins. Co., Inc., No. 22 CV 3449, 2022 WL 17669438, at *2 (E.D.N.Y. Dec. 14, 2022). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See Fed R. Civ. P. 55(a). Second, after the Clerk of Court enters a default

---

[10] In the demand letter dated May 12, 2022, plaintiffs explain that at the time of the letter dated February 23, 2022, Superior Limousine "was provided with a demand and a payment schedule requiring $183,600.00 in payments over twenty years." (Compl. Ex. B; Shah Decl. Ex. 3). Further, according to the letter, the Pension Fund "also previously notified [Superior Limousine] that it failed to pay $18,695.70 in contributions, accrued interest and liquidated damages to the [Funds], which amounts remain outstanding." (Id.)

4

against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b). Where the amount of damages owed requires a judicial finding, a default judgment may be entered once the court has conducted a hearing or made a referral to determine the question of damages. See Fed. R. Civ. P. 55(b)(2).[11]

The Second Circuit has warned that default judgment is an extreme remedy that should be used only when the need to move a case forward expeditiously trumps a party's right to be heard before a court of law. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Sheet Metal, Air, Rail & Transp. Workers Loc. Union No. 137 v. Frank Torrone & Sons, Inc., No. 15 CV 2224, 2018 WL 4771897, at *4 (E.D.N.Y. Oct. 3, 2018), adopting report and

---

[11] In their motion papers, plaintiffs request the "issuance of default judgment by the clerk pursuant to Fed. R. Civ. P. 55(b)(1) and Local Rule 55.2(a)" in the amount of a "sum certain" of $232,345.80. (ECF No. 10; Shah Decl. ¶¶ 21–29). "Typical 'sum certain' claims include 'actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof.'" Bricklayers & Allied Craftworkers Loc. No. 3 v. Precision Concrete & Masonry, Inc., No. 16 CV 6035, 2018 WL 4090331, at *2 (W.D.N.Y. Aug. 28, 2018) (quoting CXST Intermodal, Inc. v. Mercury Cartage, LLC, 271 F.R.D. 400, 401 (D. Me. 2010)). In Bricklayers & Allied Craftworkers Local No. 3, a case in which plaintiffs sought to recover unpaid fund contributions, the court held that plaintiffs' damages were not a sum certain because plaintiffs failed to substantiate their damages request or attach the CBA, and there, plaintiffs' request for damages included estimations. Id. at *2–3. The court there contrasted the plaintiffs' lack of proof with another unpublished case in which the court granted judgment on the ERISA claim in the amount of a sum certain where "plaintiffs' documents included complete copies of a CBA covering the years 2007 to 2010, monthly remittance reports, and trust fund documents that outlined the funds' policies, including those pertaining to interest rates on delinquent contributions and liquidated damages." Id. at *3 (discussing Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Elec., Inc., No. 11 CV 709 (D. Conn. Feb. 17, 2015)). Thus, to the extent plaintiffs seek an award of delinquent contributions, this is not a sum certain that can be awarded without further evidence. As for the question of withdrawal liability, where an employer waives its right to arbitration in connection with a demand for withdrawal liability, "'a federal court will not make an independent determination that the plan sponsor's assessment was unreasonable,'" Gesualdi v. Seacost Petroleum Prods., Inc., 97 F. Supp. 3d 87, 98 (E.D.N.Y. 2015) (quoting Vacca v. Bridge Chrysler Jeep Dodge, Inc., No. 06 CV 3543, 2008 WL 4426875, at *6 (E.D.N.Y. Sept. 4, 2008)). However, the Court must still be assured that plaintiffs have met their "burden of establishing [their] entitlement to recover." United States v. Rankin Indus. Ltd., No. 09 CV 3569, 2011 WL 1204751, at *1 (E.D.N.Y. Feb. 25, 2011), report and recommendation adopted, 2011 WL 1154475 (E.D.N.Y. Mar. 29, 2011). Here, unlike the Norland Electric case, plaintiffs have not only failed to provide the CBA or other underlying Fund documents necessary to determine the sources of the values used in plaintiffs' calculations, but they have not explained how they arrived at their calculations. The Court therefore finds that the plaintiffs' claims are not well suited to recovery for a sum certain. Accordingly, plaintiffs were required to comply with Rule 55(b)(2) of the Federal Rules of Civil Procedure and "apply to the court for entry of a default judgment." See Bricklayers & Allied Craftworkers Loc. No. 3 v. Precision Concrete & Masonry, Inc., 2018 WL 4090331, at *2 (explaining that "[i]f a claim is not for a sum certain, the plaintiff must apply to the court for entry of default judgment under Rule 55(b)(2)").

recommendation, 2018 WL 6161655 (E.D.N.Y. Sept. 4, 2018). While the Second Circuit has recognized the pressure on district courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Court instructs district courts to "maintain a balance between clearing [their] calendar[s] and affording litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and questions that arise regarding the default should be resolved in favor of the defaulting party. Id. Furthermore, "[Rule] 55(b) states that a judgment by default 'may' be entered under specified circumstances, not that it must." See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice"). Accordingly, plaintiffs are not entitled to a default judgment as a matter of right, simply because the defendants are in default.

The Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including: (1) whether the claims were adequately pleaded in the Complaint, thereby placing the defendant on notice, see Fed. R. Civ. P. 54(c) (stating: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"), cf. King v. STL Consulting, LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated in awarding damages that accrued during the pendency of a litigation, so long as the complaint put the defendant on notice that the plaintiff may seek such damages), adopting report and recommendation, id. at *1–9; (2) "'whether the grounds for default are clearly established;'" and (3) "'the amount of money potentially involved.'" Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992) (quoting 10 Charles A. Wright, et al., Federal Practice and Procedure §

6

2685, at 423, 425–26 (2d ed. 1983)). The greater the amount of money involved, the more careful a court should be in entering a default judgment. See id. Additionally, "'the [c]ourt may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff[s] ha[ve] been substantially prejudiced by the delay involved, and whether the default judgment may have a harsh effect on the defendant.'" Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012) (quoting Stein v. Valentine & Kebartas, Inc., No. 10 CV 2465, 2012 WL 1416924, at *2 (E.D.N.Y. Mar. 15, 2012)), adopting report and recommendation, 888 F. Supp. 2d at 389–404; see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (explaining that under Fed. R. Civ. P. 55(b)(2) "a district court has discretion . . . to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action"); 10A Charles A. Wright, et al., Federal Practice and Procedure § 2685 (4th ed. 2008) (Apr. 2023 update) (discussing the aforementioned factors).

      The burden is on the plaintiff to establish its entitlement to recovery. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). When a default judgment is entered, the defendants are deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, but not as to damages. Id. Thus, for the purposes of an inquest, the court accepts as true all factual allegations in the complaint, except those claims relating to damages, and the plaintiff is "entitled to all reasonable inferences from the evidence offered." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65. While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing," instead, "the court may rely on detailed affidavits or documentary evidence." Fustok v. Conticommodity

7

Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (collecting cases), aff'd, 873 F.2d 38 (2d Cir. 1989).

In this case, it is beyond dispute that the defendant is in default since it has failed to appear in this action, respond to the Complaint, or contest this motion for default judgment.  See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *1–2 (holding that defendant's default was "crystal clear" when it failed to oppose the plaintiff's motion for an entry of default after "fail[ing] to submit an answer or otherwise respond to the complaint").  On April 18, 2023, this Court issued an Order inviting defendant to submit papers in response to plaintiffs' motion or to request a hearing and Ordered plaintiffs to serve the Court's Order on defendant.  (ECF No. 11).  On April 19, 2023, plaintiffs filed a certificate of service showing that they had served Superior Limousine with a copy of this Court's April 18, 2023 Order.  (ECF No. 12).  Defendant filed no papers and did not contact the Court to request a hearing.

Moreover, Superior Limousine has failed to retain counsel or otherwise defend in this matter.  See La Barbera v. Federal Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) (holding "a failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court *pro se*") (citing Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam), and Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)), adopting report and recommendation, id. at 345–56.  Furthermore, the amount of damages that plaintiffs seek in this case is not large enough to give this Court pause.  See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (declining to enter default judgment, where plaintiff's request for damages ran "well into the millions of dollars" and plaintiff did not follow the procedure set out in Fed. R. Civ. P. Rule 55).  Thus, the Court proceeds to consider plaintiffs' motion for default judgment.

II.    Procedural Requirements for Default Judgment

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); see also Morales v. Los Cafetales Rest. Corp., No. 21 CV 1868, 2023 WL 375647, at *3 (E.D.N.Y. Jan. 3, 2023) (quoting Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008) for the proposition that "'[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution'"), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023). Pursuant to Local Civil Rule 55.2(b), a movant's motion for default judgment must append "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Here, plaintiffs have complied with Local Civil Rule 55.2(b) by attaching to their motion a copy of the Complaint (Shah Decl. Ex. 5), the Certificate of Default (Shah Decl. Ex. 7), and a proposed form of default judgment (ECF No. 10-9).

However, even if plaintiffs have complied with the procedural requirements of Rule 55, they failed to comply with Local Rule 7.1(a) of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, which requires that dispositive motions must include:

> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

9

> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Courts in this Circuit have held that a moving party's failure to attach a memorandum of law and other supporting documents in accordance with Local Rule 7.1 is sufficient grounds to deny a motion. Avillan v. Donahoe, No. 13 CV 509, 2015 WL 728169, at *6–7 (S.D.N.Y. Feb. 19, 2015) (explaining that the "'failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion,'" and considering a motion for summary judgment unopposed where the nonmoving party submitted only an affidavit in opposition rather than a memorandum of law) (quoting Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000)). In Agarwal v. United States, the court denied a defendant's motion for judgment on the pleadings where, in part, the defendant's "failure to file a memorandum of law in support of the motion violate[d] Local Civil Rule 7.1(a)(2) of this court." No. 14 CV 1873, 2015 WL 5638032, at *2, 4 (S.D.N.Y. July 20, 2015), report and recommendation adopted, 2015 WL 5794418 (S.D.N.Y. Oct. 5, 2015). The court further noted that none of the moving defendants had filed "affidavit(s) and exhibits thereto in support of their motion 'containing any factual information . . . necessary for the decision of the motion,' as required by the court's Local Civil Rules." Id. at *2 (quoting Local Civil Rule 7.1(a)(3)). Thus, the court found the movants' motion to be "procedurally defective." Id.

District courts also have broad discretion to excuse or overlook a party's failure to comply with the local rules. Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) (holding that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules"), abrogated on other grounds, Gross v. FBL Fin. Servs., 557 U.S. 167 (2009). For example, in Cea v. Access 23 TV, the court noted that "Defendant's filings

10

violate[d] Local Civil Rules 7.1 and 56.1" and that although "it is wellwithin [sic] the Court's discretion to deny with prejudice Defendant's motion for summary judgment for failure to comply with the Court's rules, the Court declines to do so in the interests of justice and a preference to resolve dispositive motions on the merits." No. 11 CV 3791, 2015 WL 5474070, at *3 (S.D.N.Y. Sept. 15, 2015) (internal citations omitted); cf. Cardoza v. Mango King Farmers Mkt. Corp., No. 14 CV 3314, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015) (explaining that "[i]t should be noted that Plaintiffs have failed to submit a memorandum of law, as required by Local Civil Rule 7.1(a)(2) . . . [and i]n such circumstances, the Court may deny the motion, though it is not required to do so"), report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

   III.   Plaintiffs' Submissions

In support of plaintiffs' request for entry of default judgment, plaintiffs have submitted the declaration of plaintiffs' counsel, Neil V. Shah, Esq.; the Notice of Withdrawal Liability sent to defendant on February 23, 2022, along with the attachments to the Notice, entitled "Determination of Withdrawal Liability," a "Schedule of Payments," and a "Summary of Actuarial Assumptions and Methods" (Ex. 2); the May 12, 2022 letter to defendant accelerating the obligation to pay withdrawal liability (Ex. 3); the December 14, 2021 letter from an attorney on behalf of the Funds seeking to collect delinquent contributions and an attached spreadsheet (Ex. 4); a copy of the Summons and Complaint (Ex. 5); the Affidavit of Service of the Summons and Complaint (Ex. 6); the Clerk's Certificate of Default (Ex. 7); a proposed judgment (ECF No. 10-9); and the certificate of service showing that Superior Limousine was served with a copy of plaintiffs' Request for Issuance of Default Judgment, on November 22, 2022. (ECF No. 10-10). Although plaintiffs did not file a document labeled with the heading "Memorandum of Law,"

11

they appear to have included within the Shah Declaration a brief discussion of the legal authority upon which they seek default judgment and damages. (See Shah Decl. ¶¶ 21–26). The Declaration also contains a summary of the factual allegations set out in the Complaint, and a listing of the damages sought by plaintiffs. (See id. ¶¶ 7–13, 27–28).

While the Court has the discretion to overlook plaintiffs' failure to include a separate memorandum of law, "setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined," plaintiffs have also not provided any "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Local Rule 7.1(a)(2) and (3). Instead, they rely solely on the representations of counsel as to the amounts owed, with no explanation whatsoever from anyone involved in the calculations as to how the specific amounts were arrived at or the basis for the amounts requested. Unlike the plaintiffs in Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Electric, Inc., who provided the court with a copy of the CBA, a remittance policy document, an affidavit from the contract administrator of the plaintiff funds, and the remittance reports verifying the delinquent contributions,[12] here, the only information provided with respect to the claim for delinquent contributions is an attorney's letter to the defendant, dated December 14, 2021 seeking to collect delinquent contributions along with an attached spreadsheet (Shah Decl. Ex. 4), but with no further explanation. Similarly, with respect to the claim for withdrawal liability, plaintiffs attached to the Shah Declaration copies of the notices sent to defendant demanding payment of the withdrawal liability and delinquent contributions, but there is no

---

[12] The Motion for Default Judgment along with supporting documents filed on June 26, 2014 can be found at Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Electric, Inc., Docket No. 11 CV 709 (D. Conn.) (ECF No. 24).

12

affidavit or declaration from an auditor or accountant for the Funds to explain the calculations or the supporting attachments. (Id., Exs. 2, 3). Also, nowhere do plaintiffs explain the allocation of amounts as between the different Funds. Thus, in the absence of the necessary explanatory materials, the Court is left to take on trust the accuracy of the numbers listed in counsel's declaration and in the unverified letters. Moreover, had the CBA been provided, the Court might have been able to verify the basis for some of the amounts, such as the applicable interest rate to be applied or the method for determining liquidated damages (see Shah Decl. ¶ 7), but, as noted *supra*, even though the Shah Declaration purports to attach the CBA as Exhibit 1, the CBA does not appear to have been uploaded into the ECF system.

While the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012), Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (collecting cases), 10A Charles A. Wright, et al., Federal Practice and Procedure § 2688.1 (4th ed. 2008) (Apr. 2023 update) (explaining that "[o]nce the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief"), "'the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" Parris v. Pappas, 844 F. Supp. 2d 271, 274 (D. Conn. 2012) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). It is plaintiffs' burden to prove damages and establish their entitlement to recovery. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 159.

In the absence of a Memorandum of Law and supporting factual affidavits from someone with knowledge from the Funds explaining the basis for their determination of withdrawal liability, delinquent contributions, interest, and liquidated damages, the Court finds it impossible

to determine if plaintiffs have carried their burden of demonstrating damages and therefore declines to recommend entry of default judgment at this time.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiffs' motion for default judgment be denied without prejudice and with leave to renew in compliance with this Report and Recommendation and the Court's Local Rules.

Plaintiffs are Ordered to serve this Report and Recommendation on defendants and file proof of service on the docket within **one week**.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: July 21, 2023
      Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York